IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FRANCISCO ESCALANTE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-23-CV-00464- RFC |
| | § | |
| **MARTIN O'MALLEY,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| *Defendant*. | § | |

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

On this day, the Court considered Plaintiff Francisco Escalante's ("Plaintiff") "Motion to Proceed *In Forma Pauperis*" and attached "Application to Proceed in District Court Without Prepaying Fees or Costs" ("Application") (ECF No. 1), filed on December 27, 2023. Plaintiff appeals, pursuant to 42 U.S.C. § 405(g), from the final decision of the Commissioner of the Social Security Administration denying his claims for disability benefits. The case was assigned to Senior United States District Judge Frank Montalvo and referred to this Court pursuant to Judge Montalvo's Standing Order Referring Social Security Cases. Upon both parties' consent to proceed before a U.S. Magistrate Judge, Judge Montalvo transferred the case to the undersigned to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules. After due consideration, the Court is of the opinion that Plaintiff's Motion should be **DENIED**.

28 U.S.C. § 1915, the statute that addresses bringing a lawsuit *in forma pauperis* ("IFP"), "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The applicant must provide an affidavit "that includes a statement of all [of his] assets," and "[t]he

[c]ourt has limited discretion to deny such an application based on the litigant's financial information." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (quoting 28 U.S.C. § 1915(a)(1)), *report and recommendation adopted*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

"In making an [IFP] determination, courts should consider whether payment of the filing fee will result in the applicant 'suffering undue financial hardship.'" *Bien v. Saul*, No. 1:20-CV-00212-H-BU, 2021 WL 3729031, at *1 (N.D. Tex. July 30, 2021) (quoting *Prows*, 842 F.2d at 140), *report and recommendation adopted*, No. 1:20-CV-212-H-BU, 2021 WL 3726742 (N.D. Tex. Aug. 23, 2021); *see also Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) ("While one need not be absolutely destitute to qualify for [IFP] status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents."). Courts "review the litigant's financial resources as well as expenses and whether those expenses are discretionary or mandatory." *Moates*, 2022 WL 3566451, at *1. Further, a court may take into consideration "where the litigant's reported income is in relation to applicable poverty guidelines." *Id.*

Currently, the fee for filing a civil complaint in the United States District Court for the Western District of Texas is $405. U.S. Dist. Ct. for W.D. Texas, *Fee Schedule*, https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Jan. 2, 2024). In Plaintiff's Application, Plaintiff reports receiving $3,900.00 on a monthly basis in VA benefits. Appl. 2. This provides Plaintiff with an income of $46,800 a year, which exceeds the federal poverty guideline amount of $19,720 for two people.[1] *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023). Further, Plaintiff reports working sporadically for

---

[1] Plaintiff does not appear to be married and claims his son as a financial dependent. Appl. 3, 5.

Uber, which adds $500.00 per month in income.  Appl. 2.  Plaintiff also claims $395.00 total in cash and in his checking and savings accounts.  *Id.*  Plaintiff owns a home worth $170,000 and a car worth $12,000.  *Id.* at 3.

Plaintiff reports a total of $4,066.00 in monthly expenses.  *Id.* at 5.  However, for purposes of IFP status, a number of Plaintiff's monthly expenses appear to be discretionary rather than mandatory: $300 per month on clothing, $120 per month separately on laundry and dry-cleaning, $300 per month on transportation (a category that does not include car payments or car insurance), and $130 per month on phone payments, for example.  *Id.* at 4–5.

Based on the information provided in Plaintiff's Application and the federal poverty guidelines, the Court finds that Plaintiff has sufficient resources available to pay the required filing fee for this action.

Accordingly, **IT IS ORDERED** that Plaintiff Francisco Escalante's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL PAY** the required filing fee for this action to the Clerk of the Court by **February 5, 2024**.

**IT IS FINALLY ORDERED** that the Clerk's Office **SHALL NOT DOCKET** Plaintiff's complaint (ECF No. 1-1) **UNTIL** he pays the filing fee.  Plaintiff is **CAUTIONED** that failure to timely pay the filing fee may result in the dismissal of his case.

**SIGNED** this 4th day of January, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**